DOUCET, Judge.
This suit arises out of a sale of land to the United States Government. The land was sold by Arch H. Aplin Enterprises, Inc., a small, family corporation. The plaintiff, Marvin I. Aplin, is a shareholder in the corporation. The defendants named in his original petition, William M. Aplin, Jimmy Dale Aplin, Onita Aplin McGuffee, and Arch H. Aplin, Jr., are also shareholders and officers or directors of the corporation. Plaintiff alleged in his original petition that the land had been sold for less than its actual value, and that the sale constituted a breach of a contract that he had with the defendants. He sought damages equal to the difference between the sale price and the alleged actual value of the land. Alternatively, he alleged that the sale was an ultra vires act on the part of the defendants, as well as being subject to recision for lesion beyond moiety, and prayed that the defendants be ordered to take all necessary steps to have the sale set aside.
The defendants filed peremptory exceptions of failure to join an indispensable party and no right or cause of action. Plaintiff amended his petition to name the corporation as a defendant, and the exception of no cause of action was sustained, as a result of which thejndividual defendants were dismissed from the suit without prejudice.
Subsequent to their dismissal, the individual defendants joined the corporation in filing a motion for summary judgment, to which they attached a copy of the act of sale, minutes of the corporation containing a resolution of the board of directors authorizing the sale, and an appraisal of the land. Plaintiff filed a different appraisal, and the motion was set for hearing on January 30, 1980. On that date, the court overruled the motion for summary judgment, and without taking additional evidence or entertaining arguments, rendered judgment in favor of plaintiff and against the corporation, ordering the corporation to take legal action within 60 days to recover the land or the difference between its actual value and the sale price. Plaintiff was authorized to bring the action as an agent of the corporation within 60 days after the corporation failed to act or committed itself not to act. The judgment further provided that in the event the action was successful, the corporation was to pay all costs, including reasonable attorney’s fees. From that judgment, the corporation appealed. Plaintiff neither appealed, nor answered the appeal.
Since the individual defendants have been dismissed, and plaintiff has neither *846 appealed nor answered the appeal, he has waived his right to relief for breach of contract or breach of the defendants’ fiduciary obligations as officers and directors, at least insofar as this suit is concerned. Only his alternative demand of relief against the United States Government, based on the corporation’s alleged right to rescind the sale for lesion beyond moiety, is viable. Thus, the present posture of this case is that of a secondary action brought under LSA-C.C.P. Art. 611.
When viewed in this light, it is readily apparent that the pleadings in this case are seriously deficient. Many of the requirements of LSA-C.C.P. Arts. 596 and 611 have not been met. The most striking deficiency is plaintiff’s failure to join the United States as a 'party, as required by LSA-C.C.P. Art. 596(3). The use of the word “shall” in the opening paragraph of that article shows clearly that the United States is an indispensable party to this action. However, the United States can’t be made a party to these state court proceedings, because the United States District Courts and the United States Court of Claims have been vested with exclusive jurisdiction over actions in which the United States is a party. U.S.Const. Art. Ill, Sec. 2; 28 U.S.C. Sec. 1346.
Naturally, our esteemed brother of the district court was aware of this fact. In his oral reasons for judgment he indicated that the result he was trying to achieve was the transfer of this matter to a federal court which has subject matter jurisdiction. Unfortunately, the evidence in the record does not support the judgment forcing the corporation to pursue this matter in federal court either through its officers and directors or plaintiff acting as its agent. Nor was it sufficient to support the motion for summary judgment, as the corporation argues on appeal. The discrepancy between the two appraisals, which were submitted, leaves the issue of the value of the land unsettled. This issue could only be decided by taking additional evidence to determine which is the more accurate.
We can solve the problem thus presented by noting the failure to join an indispensable party on our own motion, as provided by LSA-C.C.P. Art. 927, and dismissing plaintiff’s suit. Since the merits of his claim have not been reached, our decision will not bar him from bringing a new action in federal court. However, he will have to do so in his individual capacity. In addition, since the individual defendants were dismissed without prejudice, his right to pursue an action against them in state court for breach of a contractual or fiduciary obligation is preserved.
For the reasons assigned above, the judgment appealed is reversed and set aside, and judgment is rendered dismissing plaintiff’s suit at his cost. All costs of this appeal are assessed against the plaintiff.

REVERSED AND RENDERED.

SWIFT, J., concurs.